Hovanes Margarian, SBN 246359
hovanes@margarianlaw.com
THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiff,
Irina Agajanyan

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRINA AGAJANYAN, as an individual, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>KRISPY KREME DOUGHNUT CORPORATION, a North Carolina Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Breach of Express Warranty<br>2. Breach of Implied Warranty<br>3. Breach of Contract<br>4. Common Law Fraud<br>5. Intentional Misrepresentation<br>6. Negligent Misrepresentation<br>7. Violation of the California Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.*;<br>8. Violation of the California Unfair Competition Act ("UCL"), Business and Professions Code § 17200, *et seq.*<br>9. Violation of the California False Advertisement Law ("FAL"), Business and Professions Code § 17500, *et seq.*<br>10. Quasi Contract/Restitution/Unjust Enrichment<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Irina Agajanyan brings this action as an individual, on behalf of herself, all others similarly situated, and the general public, by and through Plaintiff's attorneys, with the Class Action Complaint against Defendants, Krispy Kreme Doughnut Corporation, and Does 1 through 10, inclusive (collectively "Krispy Kreme" or "Defendants"), alleges and affirmatively states as follows:

## INTRODUCTION

1.  Krispy Kreme is engaged in a pattern and practice of selling doughnuts with the words such as "blueberry" and "maple" in their names, which do not contain the named ingredients. These doughnuts include, but are not limited to the: "Glazed Blueberry Cake Doughnut," "Glazed Blueberry Cake Doughnut Hole," "Maple Iced Glazed," "Strawberry Iced," and "Strawberry Iced with Sprinkles," which represent to consumers that these doughnuts contain blueberries and maple syrup or maple sugar, respectively. However, the reality is that these doughnuts (collectively "Maple Doughnuts," "Blueberry Doughnuts," or altogether "Class Products") do *not* contain these ingredients ("Real Ingredients").

2.  Defendants Krispy Kreme and DOES 1 through 10 collectively, designed, manufactured, distributed, marketed, and sold Class Products and affirmatively misrepresented that Class Products contain Real Products.

3.  Although Krispy Kreme knew or should have known from the very start of the distribution and sale of Class Products that the Blueberry Doughnuts and Maple Doughnuts did not contain Real Ingredients, it misrepresented that the Class Products had Real Ingredients when distributing the doughnuts in the United States in order to make them more attractive to consumers.

4.  In reasonable reliance on the representations made by Krispy Kreme in using the names Blueberry Doughnuts and the Maple Doughnuts, Plaintiff and other consumers purchased them, believing they contained the ingredients featured in the name of the product.  Had Krispy Kreme not made these misrepresentations, Plaintiff and other consumers would not have purchased the subject doughnuts or would not have

CLASS ACTION COMPLAINT
IRINA AGAJANYAN V. KRISPY KREME DOUGHNUT CORPORATION, ET AL.

purchased them at the prices at which they were offered.

## PARTIES

5.   Plaintiff, Irina Agajanyan (hereinafter "Agajanyan" or "Plaintiff"), is and was at all times relevant herein an individual residing in Los Angeles County, California. Plaintiff Agajanyan purchased and consumed two doughnuts, namely, the "Blueberry Cake Doughnut" and the "Maple Iced Glazed Doughnut," which were manufactured, sold or otherwise delivered to Plaintiff Agajanyan without the Real Ingredients and as described herein.

6.   Plaintiff appears in this action on behalf of herself, on behalf of all others similarly situated, and pursuant to Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.*, on behalf of the general public in her capacity as a private attorney general.

7.   Defendant, Krispy Kreme Doughnut Corporation is a North Carolina, which is licensed to do business, and is doing business throughout the United States, with its principal place of business located at 370 Knollwood Street, Winston-Salem, North Carolina 27103. Krispy Kreme transacts business in Los Angeles County, California, and at all relevant times developed, promoted, marketed, distributed, and/or sold the Class Products, throughout the United States, including California. Defendant Krispy Kreme has significant contacts with the State of California by transacting business in this state.

8.   Plaintiff is informed and believes, and based thereon alleges that Defendants Does 1 through 10 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff.

9.   Plaintiff is unaware of the true names of Defendants Does 1 through 10. Plaintiff sues said defendants by said fictitious names, and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.  Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for

CLASS ACTION COMPLAINT
Irina Agajanyan v. Krispy Kreme Doughnut Corporation, et al.

the events and allegations set forth in this Complaint.

10.  Plaintiff is informed, believes, and based thereon alleges that at all relevant times, each Defendant was a developer, producer, distributor and seller of Class Products, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes, and based thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about said deceptively named Doughnuts, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.  As used in this Complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Krispy Kreme and Does 1 through 10.

11.  At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

12.  Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## JURISDICTION AND VENUE

13.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as this action arises under a federal statute. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

14.  Jurisdiction is also proper under the Class Action Fairness Act, 28 U.S.C. §

1332(d) because: (1) at least one Plaintiff is a citizen of a different state than Defendant; (2) the amount in controversy exceeds $5,0000,000; and (3) there are at least 100 individuals in the putative class that Plaintiff seeks to represent through this action.

15.  This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in California, is present and licensed to conduct business in California, and because the events giving rise to this lawsuit occurred in California.

16.  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claims occurred in this district.

### FACTUAL ALLEGATIONS AS TO PLAINTIFF AGAJANYAN

17.  On July 7, 2017, Plaintiff Agajanyan entered a Krispy Kreme store in Burbank, CA with an intent to purchase a blueberry pastry for personal, family or household purposes.

18.  When in a Krispy Kreme store located at 1521 N. Victory Place, Burbank, CA 91504, Agajanyan entered into a valid contract, paid adequate consideration, and purchased a Glazed Blueberry Cake Doughnut and a Maple Iced Glazed Doughnut.

19.  Plaintiff Agajanyan purchased the Blueberry Doughnut and the Maple Doughnut reasonably believing that they contained blueberries and maple syrup and/or maple sugar, respectively ("Real Ingredients"). Plaintiff Agajanyan's belief was based on reasonable reliance on Defendants' representations that the products were blueberry doughnuts and maple doughnuts.

20.  While in the Krispy Kreme store, Plaintiff Agajanyan read the signs next to the product displays in the store, including those for Blueberry Doughnuts, which stated "Glazed Blueberry Cake Doughnut," and those for Maple Doughnuts, which stated "Maple Iced Glazed Doughnut" and relied on Defendants' representation that the Class Products were blueberry doughnuts and maple doughnuts, respectively.

21.  Subsequent to her purchase, Agajanyan learned about the lack of Real Ingredients in Blueberry Doughnuts and Maple Doughnuts.

22.  Plaintiff purchased the doughnuts while reasonably believing that they contained

CLASS ACTION COMPLAINT
Irina Agajanyan v. Krispy Kreme Doughnut Corporation, et al.

Real Ingredients. Plaintiff based her belief on reasonable reliance on Defendant's representation on the doughnuts names in the store displays. Further, the doughnuts were made to look like they did contain Real Ingredients. The totality of these factors reasonably led Plaintiff to believe the doughnuts contained Real Ingredients.

23.   As she consumed doughnuts, Plaintiff became suspicious of their ingredients due to their taste, suspecting a lack of Real Ingredients, and determined that ingredients mentioned on the products' names were false. After the taste of the doughnuts raised her suspicions, she examined reported her suspicions to her counsel, who undertook a pre-complaint investigation.

24.   To date, Defendant has not claimed that the Class Products contain any Real Ingredients. Further, Defendant has not provided *any* documentation to rebut Plaintiff's suspicions that the doughnuts do not contain Real Ingredients.

25.   On December 8, 2017, Agajanyan sent a letter to Krispy Kreme, advising that she had purchased the Class Products, and contrary to Krispy Kreme's representations that Class Products were Blueberry Doughnuts and Maple Doughnuts, they did not contain blueberries and maple syrup/maple sugar.

26.   Had Krispy Kreme not misrepresented that Class Products contained Real Ingredients, Plaintiff Agajanyan would not have purchased the Class Products, and would have purchased other products that contained blueberries and maple from the competitors of Krispy Kreme, or would not have purchased them at the prices at which they were offered. Therefore, Plaintiff Agajanyan suffered injury in fact and lost money as a result of purchasing these doughnuts.

27.   Plaintiff will likely purchase Class Products in the future from Krispy Kreme if Class Products contain the Real Ingredients as represented.

### ALLEGATIONS COMMON TO PLAINTIFF AND CLASS MEMBERS

28.   Krispy Kreme develops, distributes, markets, advertises and sells Krispy Kreme branded Class Products in the United States.

29.   Krispy Kreme has stores throughout the United States through which it

CLASS ACTION COMPLAINT
IRINA AGAJANYAN v. KRISPY KREME DOUGHNUT CORPORATION, ET AL.

markets, advertises and sells Krispy Kreme branded goods. Said authorized stores are tightly controlled by Krispy Kreme and its agents. Krispy Kreme controls the production and marketing practices of Krispy Kreme authorized stores, the menu within those stores, the names of products to be displayed at the stores, the ingredients in those products, and even the appearance of said stores. Additionally, Krispy Kreme trains the Krispy Kreme authorized store owners.

30. Krispy Kreme developed, distributed, marketed, advertised and sold certain varieties of doughnuts, described below, with names that contain the words "blueberry" or "maple," but do not in fact contain blueberries or maple syrup/maple sugar, respectively.

31. Based on information and belief, Krispy Kreme has always misrepresented that the Class Products included blueberries or maple syrup/maple sugar, respectively ("Real Ingredients").

32. Krispy Kreme its stores, making sure that the stores sell the Blueberry Doughnuts and Maple Doughnuts, with the deceptive names described below, and with the ingredients that do not include blueberries or maple syrup/maple sugar, respectively. Based on information and belief, Krispy Kreme had knowledge of its misrepresentations about the Real Ingredients in the Class Products and acquiesced in such misrepresentations.

33. Krispy Kreme benefited monetarily from the misrepresentations through the increased sales of the Class Products to the deceived consumers, including Plaintiffs and the Class Members.

34. The varieties of doughnuts at issue include at least the following Blueberry Doughnuts and Maple Doughnuts: "Glazed Blueberry Cake Doughnut," "Glazed Blueberry Cake Doughnut Hole," and "Maple Iced Glazed."

35. Krispy Kreme intentionally used the words "blueberry" and "maple" in the naming of the Class Products and marketed the Class Products as blueberry doughnuts and maple doughnuts with an intent to deceive consumers into believing that the Class

Products contained Real Ingredients.

36. At all times relevant herein, Krispy Kreme continually used names containing the words "blueberry" and "maple" in the names of the Blueberry Doughnuts and Maple Doughnuts on the signs in product displays, in menus, on in-store banners, screens, advertisements, and elsewhere.

37. Reasonable consumers believe that Blueberry Doughnuts and Maple Doughnuts contain blueberries and maple syrup/maple sugar, respectively, based on the names of the doughnuts.

38. To further deceive Plaintiff and the putative class members, not only did Krispy Kreme use artificial flavors to mimic the flavor of Real Ingredients in Class Products, but it also used dark colored blueberry-like bits in its Blueberry Doughnuts to mimic the existence of real blueberries and brown colored substance in its Maple Doughnuts to mimic the existence of maple syrup/sugar.

39. Plaintiff and the putative class members reasonably relied on said misrepresentations because Krispy Kreme used a number of substitute artificial ingredients to produce flavors similar to Real Ingredients in Blueberry Doughnuts and Maple Doughnuts and because Krispy Kreme used dark blueberry-like bits in Blueberry Doughnuts to mimic the existence of real blueberries brown colored substance in its Maple Doughnuts to mimic the existence of maple syrup/sugar.

40. In addition, Plaintiff's and putative class members' reliance on Krispy Kreme' misrepresentations was reasonable because some doughnuts sold by Krispy Kreme actually include the ingredients used in their names. As an example, Krispy Kreme's "Powdered Blueberry Filled" doughnut actually contains blueberries.

41. The fact that the Blueberry Doughnuts and Maple Doughnuts do not contain Real Ingredients is material because it is related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

42. Based on information and belief, the Real Ingredients are more expensive than

the artificial ingredients that Krispy Kreme used to deceive the consumers.

43.   Blueberries contain antioxidants called anthocyanins, which have been shown to inhibit free radicals from damaging cells in the body.[1] Studies suggest that the antioxidant properties of anthocyanins may protect against cardiovascular diseases (including stroke) as well as neurodegenerative disorders of aging, such as Alzheimer's disease, and may play a role in cancer prevention.[2] In popular press, blueberries have reached prominent status in terms of their unique health benefits, and have been widely perceived as a "superfood" by the public.

44.   Maple syrup and maple sugar are derived from the sap of the maple tree. More than 20 compounds in maple syrup have been linked to human health, including phenolics, the beneficial class of anti-oxidant compounds also found in berries.[3]

45.   Plaintiff and the putative class members suffered economic damage because they were deprived of the benefit of their bargain since they would not have purchased the Blueberry Doughnuts and Maple Doughnuts had Krispy Kreme not misrepresented that Class Products contained Real Ingredients and would have purchased other doughnuts that contained Real Ingredients, or the similar products of Krispy Kreme' local and national competitors instead, such as Starbucks, or Blue Star Doughnuts in Los Angeles and Portland area, or Tim Hortons on the East Coast and in the Midwest, which contain Real Ingredients.

46.   Plaintiff is informed and believes and thereon alleges that Defendants' practice in using the words "blueberry" and "maple" in Blueberry Doughnuts and Maple Doughnuts that lack Real Ingredients impacts the competition between Krispy Kreme and other local or national stores and bakeries that produce similar products and either use the words "blueberry" and "maple" only in those products which include Real

---

[1] Nile SH, Park SW. Edible berries: bioactive components and their effect on human health. Nutrition. 2014 Feb; 30(2): 134-44.

[2] De Pascual, T. Molecular mechanisms involved in the cardiovascular and neuroprotective effects of anthocyanins. Arch Biochem Biophys. 2014 Oct 1; 559-68-74.

[3] University of Rhode Island. "Pure maple syrup contains medicinally beneficial compounds, pharmacy researcher finds." ScienceDaily. ScienceDaily, 25 March 2010.

Ingredients, or refrain from using the words "blueberry" and "maple" in the naming of their doughnuts. This practice gives Krispy Kreme a competitive advantage over other businesses operating in the same market. It is important to note that Krispy Kreme combines the doughnut sales with coffee, and other derivative product sales. Consequently, Krispy Kreme' unfair, unlawful, and fraudulent business acts and practices are extended to other product lines that are derivative of doughnut sales, and impact the competition in the markets of derivative products as well.

47.     The Blueberry Doughnuts and Maple Doughnuts from Krispy Kreme, thus, are not the same quality as those generally accepted in the trade of consumables, are of poor or below average quality within the description of "Blueberry Doughnuts" and "Maple Doughnuts" and/or did not conform to the affirmations of fact made by Krispy Kreme in its labeling of Class Products as blueberry doughnuts and maple doughnuts.

48.     Any disclosures, including the posting of the list of ingredients of Class Products on Krispy Kreme' website are irrelevant in this matter, because Plaintiff does not bring nondisclosure claims in this action, but instead, Plaintiff brings claims based on Krispy Kreme' affirmative misrepresentations that Class Products contain blueberries or maple syrup/sugar.

49.     Plaintiff and the putative class members suffered economic harm because the Blueberry Doughnuts and Maple Doughnuts they purchased are unmerchantable and are worth less than what they paid/pay for them.

50.     Plaintiff and the putative class members suffered economic harm because they bargained for and paid for blueberry doughnuts and maple doughnuts that were meant to include Real Ingredients, however they received the Class Products that only had artificial flavors as substitute for Real Ingredients.

51.     Krispy Kreme continues its unfair, fraudulent and unlawful practice as alleged herein. Plaintiff and the Class Members will never know whether a doughnut they are purchasing from Krispy Kreme has Real Ingredients based on the name of the product.

&lt;www.sciencedaily.com/releases/2010/03/100321182924.htm&gt;.

CLASS ACTION COMPLAINT
Irina Agajanyan v. Krispy Kreme Doughnut Corporation, et al.

Plaintiff will likely purchase Class Products in the future from Krispy Kreme if Class Products contain the Real Ingredients as represented.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

52. This action seeks financial compensation for members of the Class in connection with their purchase of the Blueberry Doughnuts and Maple Doughnuts. Plaintiffs do not seek: (i) damages for personal, bodily, or emotional injury or wrongful death; or (ii) damages for becoming subject to liability or legal proceedings by others.

53. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23 and other applicable law by Plaintiff on behalf of herself and a Class as defined as follows:

(1) *National Class*: The Class that Plaintiff seeks to represent ("National Class") is defined to include all persons and entities within the United States who purchased or will purchase a Blueberry Doughnut and/or a Maple Doughnut, on or after Defendants placed the Blueberry Doughnuts and Maple Doughnuts into the stream of commerce. Excluded from the National Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may preside over this case.

(2) *California Subclass*: The Class that Plaintiff seeks to represent ("California Subclass") consists of all persons and entities who purchased or will purchase a Blueberry Doughnut and/or a Maple Doughnut in California, on or after the date Defendants placed the Blueberry Doughnuts and Maple Doughnuts into the stream of commerce. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may

preside over this case.

(3)  *California Consumer Subclass*: The Class that Plaintiff seeks to represent ("California Consumer Subclass") consists of all members of California Subclass that acquired a Blueberry Doughnut and/or a Maple Doughnut for personal, family, or household purposes.

54.  There is a well-defined community of interest in the litigation, and the proposed class is ascertainable:

a.  *Common Questions Predominate*: Common questions of law and fact exist as to all class members, and predominate over any questions that effect only individual members of the class, if there are any individual questions. The common questions of law and fact include, but are not limited to:

1)  Whether the Blueberry Doughnuts and Maple Doughnuts were of poor or inferior quality within the description of "blueberry doughnuts" and "maple doughnuts" as compared with other similar products;

2)  Whether Defendants knew or should have known of the lack of Real Ingredients in Blueberry Doughnuts and Maple Doughnuts;

3)  Whether Defendants affirmatively misrepresented that Class Products contain Real Ingredients.

4)  Whether Defendants violated California consumer protection statutes;

5)  Whether Defendants breached their implied warranties;

6)  Whether the advertisements and statements made by Defendants were and are false and/or had and have had a tendency to deceive customers by misrepresenting that the Blueberry Doughnuts and Maple Doughnuts contained Real Ingredients;

7)  The nature and extent of Defendants' implied warranty of merchantability for Blueberry Doughnuts and Maple Doughnuts;

b.  *Typicality*: Plaintiff's claims are typical of the claims of the class members. Plaintiff and the class members sustained the same types of damages and

CLASS ACTION COMPLAINT
IRINA AGAJANYAN v. KRISPY KREME DOUGHNUT CORPORATION, ET AL.

losses.

c.    *Numerosity and Ascertainability*: The classes are so numerous, thousands, if not millions of persons, that individual joinder of all class members is impractical under the circumstances. The class members can be ascertained by, among other things, sales records and by responses to methods of class notice permitted by law.

d.    *Adequacy*: Plaintiff is a member of the Class and will fairly and adequately protect the interests of the members of the class. The interests of the Plaintiff are coincident with, and not antagonistic to, those other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and have retained counsel, who are competent and experienced in handling complex and class action litigation on behalf of consumers.

e.    *Superiority and Substantial Benefit*: The prosecution of separate actions by individual members of the Class would create a risk of: (1) Inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class; and (2) Adjudication with respect to the individual members of the Class would substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests. The class action method is appropriate for the fair and efficient prosecution of this action. Individual litigation of the claims brought herein by each Class Member would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. Class treatment, by contract provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the aforesaid conduct of Defendants. The certification of the Class would allow litigation of claims that, in view of the expense of the litigation may be sufficient in amount to support separate actions.

## TOLLING OF STATUTE OF LIMITATIONS

55.    Any applicable statutes of limitation have been equitably tolled by Krispy Kreme' affirmative misrepresentations regarding the Real Ingredients alleged herein.

Through such acts of fraudulent misrepresentation, Krispy Kreme was able to continually deceive the public for years about the Real Ingredients, thereby tolling the running of any applicable statute of limitations. As a result of such acts of fraudulent misrepresentation, the Class Members still remain ignorant that the Class Products do not contain the Real Ingredients.

56.    Defendants are estopped from relying on any statutes of limitation because of their misrepresentations, as described herein, concerning the Real Ingredients in Blueberry Doughnuts and Maple Doughnuts, Defendants were, at all times aware of the lack of those ingredients as described herein but at all times continued to sell and market the Blueberry Doughnuts and Maple Doughnuts using the words "blueberry" and "maple" in their names despite this knowledge.

## FIRST CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
*(California Subclass)*

57.    Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

58.    Plaintiff brings this cause of action on behalf of herself and on behalf of California Subclass.

59.    Krispy Kreme used the words "blueberry" and "maple" in the naming of Blueberry Doughnuts and Maple Doughnuts.

60.    Krispy Kreme' naming of Blueberry Doughnuts and Maple Doughnuts were false representations of fact, that were known by the Defendants to be untrue at the time they were made and were intended to create reliance.

61.    Krispy Kreme' naming of Blueberry Doughnuts and Maple Doughnuts, thus created express warranties that the Blueberry Doughnuts and Maple Doughnuts would contain Real Ingredients.

62.    Krispy Kreme breached the express warranties by selling Blueberry Doughnuts and Maple Doughnuts, which lack Real Ingredients.

63.     Krispy Kreme' breach caused injury to Plaintiff and Putative Class Members, because Plaintiff and Putative Class Members did not get the benefit of their bargain, which included, *inter alia*, actual blueberry doughnuts and maple doughnuts.

64.     On December 8, 2017 Plaintiff gave a pre-suit notice of said breach to Krispy Kreme.

65.     Defendants have and continue to breach their express warranties as alleged herein, because Blueberry Doughnuts and Maple Doughnuts lack Real Ingredients at the time of sale.

66.     As a result of Defendants' breach of express warranties as set forth above, Plaintiff and others similarly situated have suffered and will continue to suffer damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY
### *(California Subclass)*

67.     Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

68.     Plaintiff brings this cause of action on behalf of herself and on behalf of California Subclass.

69.     The Blueberry Doughnuts and Maple Doughnuts are produced goods.

70.     The transactions by which the putative class members purchased the Blueberry Doughnuts and Maple Doughnuts were transactions for the sale of goods and at all times relevant, Krispy Kreme was the seller of Blueberry Doughnuts and Maple Doughnuts and placed these products into the stream of commerce throughout the United States, including California.

71.     Plaintiff and putative class members purchased Blueberry Doughnuts and Maple Doughnuts from authorized Krispy Kreme stores.

72.     Blueberry Doughnuts and Maple Doughnuts came with an implied warranty that the Blueberry Doughnuts and Maple Doughnuts and any parts thereof were

merchantable, were the same quality as those generally accepted in the trade, were not of poor or below average quality within the description and/or conformed to the affirmations of fact made by Krispy Kreme.

73.    The Blueberry Doughnuts and Maple Doughnuts, however, were non-conforming goods and/or goods that were not the same quality as those generally accepted in the trade, were of poor or below average quality within the description and/or did not conform to the affirmations of fact disseminated by Krispy Kreme because they lack Real Ingredients.

74.    The Blueberry Doughnuts and Maple Doughnuts, at all times relevant herein were not the same quality as those generally accepted in the trade, because other local and national businesses selling similar products to the same market either use Real Ingredients in products that have the words "blueberry" or "maple" in their name, or refrain from using the words "blueberry" or "maple" in the names of products that lack Real Ingredients.

75.    The Blueberry Doughnuts and Maple Doughnuts, at all times relevant herein, were of poor or below average quality within the description of a blueberry doughnut and a maple doughnut provided by Krispy Kreme.

76.    Blueberry Doughnuts and Maple Doughnuts, at all times relevant herein, did not and do not have the quality that a buyer would reasonably expect.

77.    On December 8, 2017 Plaintiff gave a pre-suit notice of said breach to Krispy Kreme.

78.    As a direct and proximate result of the foregoing, Plaintiff and all the other Putative Class Members sustained loss and damage and did not receive the benefit of their bargain.

### THIRD CAUSE OF ACTION
#### BREACH OF CONTRACT
*(National Class)*

79.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

80.    Plaintiff brings this cause of action on behalf of herself and on behalf of National Class, including all subclasses.

81.    Plaintiff and putative class members entered into valid contracts and paid sufficient consideration to purchase Blueberry Doughnuts and Maple Doughnuts from Defendants.

82.    Defendants materially breached the contract for sale of Blueberry Doughnuts and Maple Doughnuts by failing to deliver actual blueberry doughnuts and/or maple doughnuts.

83.    On December 8, 2017 Plaintiff gave a pre-suit notice of said breach to Krispy Kreme.

84.    As a direct and proximate result of the foregoing, Plaintiff and all the other putative class members sustained loss and damage and did not receive the benefit of their bargain.

### FOURTH CAUSE OF ACTION
COMMON LAW FRAUD
*(National Class)*

85.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

86.    Plaintiff brings this cause of action on behalf of herself and on behalf of National Class, including all subclasses.

87.    Defendants represented that they were selling blueberry doughnuts and maple doughnuts to Plaintiff and putative class members.

88.    Defendants knew that the Class Products were not blueberry doughnuts and maple doughnuts as they did not contain the Real Ingredients.

89.    Defendants made the representation that they were selling blueberry doughnuts and maple doughnuts to Plaintiff and putative class members with an intent to induce Plaintiff and putative class members to purchase the Class Products.

90.    Defendants' representation was material, because it related to the contents of

consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

91.    Plaintiff and putative class members reasonably and justifiably relied on Defendants' representation that they were selling blueberry doughnuts and maple doughnuts.

92.    In reliance on Defendants' representation that the Class Products were blueberry doughnuts and maple doughnuts, Plaintiff and putative class members purchased the Class Products.

93.    As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased the Class Products had they known that those were not blueberry doughnuts and maple doughnuts and did not contain the Real Ingredients.

<div align="center">

**FIFTH CAUSE OF ACTION**
INTENTIONAL MISREPRESENTATION
*(National Class)*

</div>

94.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

95.    Plaintiff brings this cause of action on behalf of herself and on behalf of National Class, including all subclasses.

96.    Defendants intentionally represented that they were selling blueberry doughnuts and maple doughnuts to Plaintiff and putative class members.

97.    Defendants knew that the Class Products were not blueberry doughnuts and maple doughnuts as they did not contain the Real Ingredients.

98.    Defendants made the representation that they were selling blueberry doughnuts and maple doughnuts to Plaintiff and putative class members with an intent to induce Plaintiff and putative class members to purchase the Class Products.

99.    Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the

lack or presence of Real Ingredients in deciding whether to purchase these products.

100.    Plaintiff and putative class members reasonably and justifiably relied on Defendants' representation that they were selling blueberry doughnuts and maple doughnuts.

101.    In reliance on Defendants' representation that the Class Products were blueberry doughnuts and maple doughnuts, Plaintiff and putative class members purchased the Class Products.

102.    As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased the Class Products had they known that those were not blueberry doughnuts and maple doughnuts and did not contain the Real Ingredients.

## SIXTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
*(National Class)*

103.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

104.    Plaintiff brings this cause of action on behalf of herself and on behalf of National Class, including all subclasses.

105.    Defendants represented that they were selling blueberry doughnuts and maple doughnuts to Plaintiff and putative class members.

106.    Defendants had no reasonable grounds to believe that the Class Products were blueberry doughnuts and maple doughnuts, because they did not contain the Real Ingredients.

107.    Defendants intended for Plaintiff and putative class members to rely on their representations about their products.

108.    Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

CLASS ACTION COMPLAINT
IRINA AGAJANYAN v. KRISPY KREME DOUGHNUT CORPORATION, ET AL.

109.    Plaintiff and putative class members reasonably and justifiably relied on Defendants' representation that they were selling blueberry doughnuts and maple doughnuts.

110.    In reliance on Defendants' representation that the Class Products were blueberry doughnuts and maple doughnuts, Plaintiff and putative class members purchased the Class Products.

111.    As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased the Class Products had they known that those were not blueberry doughnuts and maple doughnuts and did not contain the Real Ingredients.

## SEVENTH CAUSE OF ACTION

VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT CIVIL CODE § 1750 *ET SEQ.*
*(California Consumer Subclass)*

112.    Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

113.    Plaintiff brings this cause of action on behalf of herself and on behalf of the California Consumer Subclass.

114.    The Blueberry Doughnuts and Maple Doughnuts are "goods" within the meaning of Civil Code § 1761(a).

115.    Defendants are "persons" as defined by Civil Code § 1761(c).

116.    Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code § 1761(d).

117.    The Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.* applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

118.    At all times relevant herein, Krispy Kreme knowingly used the words

"blueberry" and "maple" in the names of Blueberry Doughnuts and Maple Doughnuts with an intent to misrepresent the lack of such Real Ingredients in Blueberry Doughnuts and Maple Doughnuts.

119. The representations that Class Products were blueberry doughnuts and maple doughnuts were material, because they related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

120. At all times relevant herein, Krispy Kreme provided said representation to the entire class by using the words "blueberry" and "maple" in the names of the Blueberry Doughnuts and Maple Doughnuts, and displayed them on the signs in product displays, in menus, on in-store banners, screens, advertisements, and elsewhere.

121. As alleged herein, Krispy Kreme knew that said representation was false.

122. Plaintiff and the Class Members who purchased Class Products in reliance on Defendants' representation were harmed, because they would not have purchased the Blueberry Doughnuts and Maple Doughnuts had they known that the Blueberry Doughnuts and Maple Doughnuts did not contain the Real Ingredients.

123. Defendants have violated the CLRA in at least the following respects:

    a.  In violation of Civil Code § 1770(a)(5), Defendants have represented that the Blueberry Doughnuts and Maple Doughnuts have characteristics and benefits that they do not have;

    b.  In violation of Civil Code § 1770(a)(7), Defendants have represented that the Blueberry Doughnuts and Maple Doughnuts are of a particular standard, quality, or grade when they are not;

    c.  In violation of Civil Code § 1770(a)(9), Defendants have advertised the Blueberry Doughnuts and Maple Doughnuts without an intent to sell them as advertised; and

    d.  In violation of Civil Code § 1770(a)(18), Defendants have represented that the Blueberry Doughnuts and Maple Doughnuts were supplied in accordance with previous representations when they were not.

124. Defendants' deceptive acts alleged herein occurred in the course of selling a

consumer product and Defendants have done so continuously through the filing of this Complaint.

125.    As a direct and proximate result of Defendants' violation of Civil Code § 1770 *et seq.*, Plaintiff and other Class members have suffered irreparable harm and monetary losses entitling them to both injunctive relief and restitution.  Plaintiff, on behalf of herself and on behalf of the Class, seeks damages and all other relief allowable under the CLRA.

126.    Defendants' wrongful conduct, as set forth above, was willful, oppressive, and malicious.

127.    Pursuant to Civil Code § 1782, On December 8, 2017 Plaintiff gave a pre-suit notice to Defendants, at least thirty days prior to filing this action for damages.

128.    Defendants failed to make the showing required by Civil Code § 1782(c).

129.    As a result, Plaintiff seeks actual damages for violation of the CLRA.  In addition, pursuant to Civil Code § 1782(a)(2), Plaintiff and members of the class are entitled to an order enjoining the above-described wrongful acts and practices of Defendants, providing restitution to Plaintiff and the Class, ordering payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court under Civil Code § 1780.

## EIGHTH CAUSE OF ACTION
VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.*
*(California Subclass)*

130.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

131.    Plaintiff brings this claim on behalf of herself, California Subclass, and the general public in her representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.*

("UCL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

132.    Plaintiff asserts these claims as she is a representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have expended funds that the Defendants should be required to pay or reimburse under the restitutionary remedy provided by California Business and Professions Code § 17200 *et seq.*

133.    Plaintiff has standing to bring this claim on behalf of herself and others similarly situated pursuant to California Business and Professions Code § 17200 *et seq.,* because Plaintiff suffered injury-in-fact, *inter alia,* because she would not have purchased the Blueberry Doughnuts and Maple Doughnuts had she known that the Blueberry Doughnuts and Maple Doughnuts did not contain Real Ingredients, or would not have purchased them at the prices at which they were offered.

134.    At all relevant times herein, Krispy Kreme affirmatively used the words "blueberry" and "maple" in the names of Blueberry Doughnuts and Maple Doughnuts, and intentionally used substitute ingredients to create flavors similar to Real Ingredients, knowingly misrepresenting that the Blueberry Doughnuts and Maple Doughnuts contained Real Ingredients. Based on information and belief, the Real Ingredients are more expensive than the artificial ingredients that Krispy Kreme used to deceive the consumers.

135.    At all times relevant herein, Krispy Kreme displayed the names of Blueberry Doughnuts and Maple Doughnuts on the signs in product displays, in menus, on in-store banners, screens, advertisements, and elsewhere.

136.    Ordinary consumers would not have recognized the fact that the Blueberry Doughnuts and Maple Doughnuts lacked Real Ingredients, because of the deceptive naming of Blueberry Doughnuts and Maple Doughnuts and the flavors similar to Real Ingredients. Thereby, consumers were likely to be deceived.

137.    Plaintiff and Class Members relied on Krispy Kreme' affirmative

CLASS ACTION COMPLAINT
IRINA AGAJANYAN v. KRISPY KREME DOUGHNUT CORPORATION, ET AL.

misrepresentations and purchased the Blueberry Doughnuts and Maple Doughnuts and were damaged as alleged herein.

138.   Krispy Kreme' conduct, as fully described herein, constitutes acts of untrue and misleading advertising and is, by definition, violation of California Business and Professions Code § 17200 *et seq.*  Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

139.   These advertisements, due to the national scope and extent of Defendants multi-media campaign, were uniformly made to all members of the class. Class members' acts of purchasing the Blueberry Doughnuts and Maple Doughnuts were consistent with basing such decisions upon such advertisements, and thus formed part of the basis for the transaction at issue, or the benefit of the bargain, which was material; had Plaintiff and the putative class known differently as to the lack of Real Ingredients in Blueberry Doughnuts and Maple Doughnuts they would not have purchased the Blueberry Doughnuts and Maple Doughnuts.

140.   Krispy Kreme' misconduct as alleged in this action constitutes negligence and other tortious conduct and this misconduct gave these Defendants an unfair competitive advantage over their competitors who do either use the more expensive real ingredients or do not use deceptive names for their similar products.

141.   On the basis of balancing the welfare of the community and public interest, the utility to Krispy Kreme is *de minimis*, so that the conduct of Krispy Kreme is morally reprehensible, unethical and unscrupulous. Krispy Kreme' practice is offensive to public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

142.   The acts, misrepresentations and practices of Defendants as alleged herein constitute unlawful, unfair and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

143.   The acts, misrepresentations and practices alleged in the preceding paragraphs

occurred in connection with Defendants' conduct of trade and commerce in the United States and in California.

144.    The unlawful, unfair, deceptive and/or fraudulent business practices and/or false and misleading advertising of Krispy Kreme, as fully described herein, present a continuing injury to Plaintiff and putative class members as alleged herein.

145.    As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received monies expended by Plaintiff and others similarly situated who purchased the Blueberry Doughnuts and Maple Doughnuts.

146.    Pursuant to California Business and Professions Code § 17203 of the UCL, Plaintiff seek an order of this Court enjoining Krispy Kreme from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by the UCL.

147.    In addition to the relief requested in the Prayer below, Plaintiff seek the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendants.

## NINTH CAUSE OF ACTION
VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL"), CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 ET SEQ.
*(California Subclass)*

148.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

149.    Plaintiff brings this claim on behalf of herself, California Subclass, and the general public in her representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17500 *et seq.* ("FAL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

150.    FAL makes it unlawful for any person, firm, corporation or association, or any

CLASS ACTION COMPLAINT
IRINA AGAJANYAN V. KRISPY KREME DOUGHNUT CORPORATION, ET AL.

employee thereof, with intent directly or indirectly to dispose of personal property to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any advertising device, or by public outcry or proclamation, or in any other manner or means whatever any statement, concerning that real or personal property which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

151.    Defendants are persons, firms, corporations or associations, or employees of thereof.

152.    The Class Products are personal property.

153.    Defendants made statements to the public, including Plaintiff and putative class members, concerning the Class Products, stating that Class Products were blueberry doughnuts and maple doughnuts, with an intent to dispose of the Class Products.

154.    The statement that the Class Products were blueberry doughnuts and maple doughnuts was untrue or misleading.

155.    The statement that the Class Products were blueberry doughnuts and maple doughnuts was known by Defendants to be untrue, or by the exercise of reasonable care should have been known to be untrue or misleading.

156.    Defendants, thus, violated and continue to violate FAL, have, and continue to obtain money from Plaintiff and putative class members.

157.    Plaintiff requests restitution of the moneys paid by him and putative class members, disgorgement of profits made by Defendants as a result of the foregoing.

## TENTH CAUSE OF ACTION
### QUASI CONTRACT/RESTITUTION/UNJUST ENRICHMENT
*(National Class)*

158.    Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

159.    Plaintiff brings this cause of action on behalf of herself and on behalf of National Class, including all subclasses.

160.    Defendants intentionally and recklessly made misrepresentations about the Class Products to Plaintiff and the putative class members with an intent to induce them to purchase Class Products.

161.    In reliance on Defendants' misrepresentations, Plaintiff and the putative class members believed that the Blueberry Doughnuts and the Maple Doughnuts contained Real Ingredients.

162.    Plaintiff and the putative class members made monetary payments to Defendant Krispy Kreme to purchase the Class Products, directly or through an authorized store.

163.    Defendants were unjustly enriched by any payments Plaintiff and the putative class members made to Defendants, directly or indirectly, that resulted from the misrepresentations.

164.    Therefore, Plaintiff and the putative class members are entitled to restitution based on the quasi contract between Plaintiff and the putative class members and Defendants, and each of them.


# PRAYER

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, and also on behalf of the general public, prays for judgment against all Defendants as follows:

    A. An order certifying the Class, sub-classes and appointing Plaintiff and their counsel to represent the Class and sub-Classes;

    B. For actual damages, if adequate;

    C. For any additional and consequential damages suffered by Plaintiff and the Class;

    D. For statutory damages in an amount of not less than $1,000 per Plaintiff or Class member pursuant to California Civil Code § 1780(a)(1);

E.  For restitution, as appropriate;

F.  For statutory pre-judgment interest;

G.  For reasonable attorneys' fees and the costs of this action;

H.  For an order enjoining Defendants from selling Blueberry Doughnuts and Maple Doughnuts;

I.  For an order enjoining Defendants from using the words "blueberry" and "maple" in the names of Blueberry Doughnuts and Maple Doughnuts.

J.  For declaratory and/or equitable relief under the causes of action stated herein; and

K.  For such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demand a trial by jury for themselves and the Class on all claims so triable.

Dated: April 5, 2018                    THE MARGARIAN LAW FIRM
                                        801 North Brand Boulevard, Suite 210
                                        Glendale, California 91203


                                        By:  _/s/ Hovanes Margarian_
                                        Hovanes Margarian, Esq.
                                        Attorney for Plaintiff,
                                        Irina Agajanyan and all others similarly situated.

CLASS ACTION COMPLAINT
Irina Agajanyan v. Krispy Kreme Doughnut Corporation, et al.

## DECLARATION OF IRINA AGAJANYAN

PURSUANT TO CIVIL CODE § 1780(d)

I, Irina Agajanyan, declare as follows:

1.    I am the Plaintiff in this action. I have personal knowledge of the matters set forth below and if called upon as a witness could and would competently testify thereto.

a.    I am informed and believe that venue is proper in this court pursuant to Civil Code § 1780(d) based on the fact that the transaction complained herein occurred in Los Angeles County, CA and within the Central Judicial District of California.

WHEREFORE, I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this Declaration was executed on _____ April 5, 2018 _____ in Glendale, California.

Irina Agajanyan